**No. 23-5102**                    **September Term, 2023**

**1:21-cv-02512-RC**

**Filed On:** January 11, 2024

Jacob N. Ferguson,

        Appellant

    v.

Robbin M. Owen,

        Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Childs, and Pan, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed July 8, 2022, and March 6, 2023, be affirmed. The district court did not err in dismissing appellant's Religious Freedom Restoration Act claim for failure to state a claim upon which relief could be granted because he has not alleged that the government substantially burdened his religious exercise within the meaning of that Act. See 42 U.S.C. § 2000bb-1; Kaemmerling v. Lappin, 553 F.3d 669, 677 (D.C. Cir. 2008). Appellant has not shown that the district court erred by inquiring, as part of its assessment of whether a substantial burden existed, into the importance of appellant's proposed religious exercise to his religious belief. See Henderson v. Kennedy, 253 F.3d 12, 16-17 (D.C. Cir. 2001). Appellant also has not established that appellee's permitting decision imposed a substantial burden on his religious exercise because he has not shown that the decision prevented conduct required by his religion or placed substantial pressure on him to violate his beliefs. See Kaemmerling, 553 F.3d at 678 (citing Thomas v. Review Bd., 450 U.S. 707, 718 (1981)); Henderson, 253 F.3d at 16. Nor has he shown that the challenged decision was more than a restriction on one of a multitude of means by which he could engage in his desired religious exercise. See Mahoney v. Doe, 642 F.3d 1112, 1121 (D.C. Cir. 2011); Henderson, 253 F.3d at 17. Appellant's other

arguments likewise do not show any error in the district court's dismissal of his claim or the denial of reconsideration.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:      /s/
Daniel J. Reidy
Deputy Clerk